IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ACS MANUFACTURING, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00687 |
| | § | |
| ROLLS-ROYCE SOLUTIONS AMERICA INC., | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT ROLLS-ROYCE SOLUTIONS AMERICA INC.'S
## MOTION TO LIMIT EXPERT TESTIMONY

Pursuant to the Scheduling Order and Rule 37(c), Defendant Rolls-Royce Solutions America Inc. ("Defendant" or "RRSA") moves to limit Plaintiff ACS Manufacturing, Inc. ("Plaintiff" or "ACS")'s expert testimony of Philip J. Isaak and respectfully states as follows:

### I.    Summary

Plaintiff failed to serve an expert report in support of its claims on which it bears the burden of proof. Instead, six weeks later and nominally as rebuttal to Defendant's own timely disclosed expert report on counterclaims for which Defendant bears the burden of proof, Plaintiff served an expert report from Philip Isaak, who was first disclosed as Defendant's retained expert that same day. It is unclear whether Plaintiff seeks to offer Mr. Isaak's testimony in support of Plaintiff's own claims. Accordingly, Defendant hereby moves to limit Mr. Isaak's testimony to rebuttal testimony of Defendant's counterclaims.

### II.    Applicable Law

"The admission or exclusion of expert testimony is a matter left to the discretion of the trial court, and that discretion will not be disturbed on appeal unless it is manifestly erroneous." *Eiland*

*v. Westinghouse Elec. Corp.*, 58 F.3d 176, 180 (5th Cir. 1995). A witness who is "retained" or "specially employed" to provide expert testimony in the case, or whose duties as an employee of a party regularly include providing expert testimony, must provide a written report along with disclosure of the witness's identity. *See* Fed. R. Civ. P. 26(a)(2)(B). The report must include, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Failure to timely disclose an expert witness as required by Rule 26(a)(2)(B) may have severe consequences, including exclusion of the testimony at trial or sanctions. *See* Fed. R. Civ. P. 37(c)(1).

### III.  Argument & Authorities

The Scheduling Order, which was jointly submitted by the parties, provides that "[d]isclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof" must occur by January 24, 2023. Doc. No. 16, at 1. At Plaintiff's request, this deadline was subsequently modified to February 23, 2023 (Doc. No. 18), March 24, 2023, (Doc. No. 23) and ultimately to April 14, 2023 (Doc. No. 32). On April 14, 2023, Plaintiff disclosed the identities of five non-retained experts and, accordingly, served no expert reports. *See* Ex. A (Pl.'s Disclosure of Expert Testimony). Importantly, Plaintiff did not identify Mr. Isaak as one of its experts. Mr. Isaak was similarly absent from Plaintiff's Rule 26(a)(1)(A)(i) disclosures. Also on April 14, 2023, Defendant timely disclosed its retained expert and served its expert report. *See* Doc. No. 34.

The deadline for rebuttal expert testimony was to occur by March 21, 2023, which was extended at Plaintiff's request to April 21, 2023 (Doc. Nos. 16, 23) to May 12, 2023 (Doc. No. 32), and ultimately to May 19, 2023 (Doc. No. 37). On that date, Plaintiff served on Defendant a "disclosure of rebuttal expert," in which Plaintiff disclosed for the first time it had retained Mr.

Philip J. Isaak to provide expert testimony in this case and provided an expert report by him pursuant to Rule 26(a)(2)(B).[1] *See* Ex. B (Pl.'s Disclosure of Rebuttal Expert), at 2. Despite the name of Plaintiff's rebuttal disclosure, it is not clear whether Plaintiff intends to call Mr. Isaak as an expert witness in support of Plaintiff's own claims. Indeed, the disclosure of Mr. Isaak states he "is expected to testify that the bus ducts supplied by ACS comply with all applicable code provisions," which may also be relevant to Plaintiff's claims. *Id.* To the extent Plaintiff seeks to use Mr. Isaak's testimony in support of Plaintiff's own claims, Mr. Isaak's disclosure and expert report are untimely and prejudicial and Defendant objects on those grounds.

Granting Defendant's motion to limit Mr. Isaak's testimony will not prejudice Plaintiff. Indeed, Plaintiff disclosed five other non-retained experts, and Defendants intend to depose them prior to trial. *See* Ex. A, at 2-6. Accordingly, Plaintiff has other sources of expert testimony and will not be prejudiced in excluding Mr. Isaak's testimony in support of Plaintiff's own claims. *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 & n.6 (5th Cir. 1998) (exclusion of only one of party's experts due to untimely disclosure did not constitute error); *Kumar v. Frisco Indep. Sch. Dist.*, 476 F. Supp. 3d 439, 468-71 (E.D. Tex. 2020) (Mazzant, J.) (expert report stricken as untimely where moving party did not seek leave of court before filing, the report made substantive changes that prejudiced the opposing party, and a continuance was not a viable option). Further, the parties previously sought an extension of several other deadlines, which the Court denied. *See* Doc. No. 43. The deadline for filing dispositive motions is less than

---

[1] Strangely, Plaintiff's "disclosure of rebuttal expert," which discloses only one expert—Mr. Isaak—states that "[t]he experts disclosed herein are not specially retained [sic] under Federal Rule of Civil Procedure 26(a)(2)(B), and therefore, was not required to provide a written report." Ex. B, at 1; *see* Fed. R. Civ. P. 26(a)(2)(B) (noting witnesses are required to provide written reports if they are "retained" or "specially employed").

three weeks away from the date of this filing, and Defendant would be prejudiced in permitting a continuance of the expert deadlines that expired several months prior.

The parties previously agreed that "this case will rely heavily on expert testimony." Doc. No. 11, at 4. Defendant cannot adequately prepare its defense without understanding who Plaintiff's expert witnesses are on given claims and what their testimony will be.

## IV.    Prayer

Defendant respectfully requests that the Court limit Mr. Isaak's testimony to rebuttal testimony to Defendant's counterclaims and grant Defendant any further relief to which it may be justly entitled.

[*signature page follows*]

Dated:  June 30, 2023                              Respectfully submitted,

                                           */s/ Brandon A. Fuqua*
                                           Brandon A. Fuqua
                                           Texas Bar No. 24078522
                                           brandon.fuqua@us.dlapiper.com
                                           **DLA Piper LLP (US)**
                                           1900 North Pearl Street
                                           Suite 2200
                                           Dallas, Texas 75201
                                           Telephone:  (214) 743-4581
                                           Facsimile:  (214) 665-5986

                                           Anthony L. Meagher (admitted *pro hac vice*)
                                           anthony.meagher@dlapiper.com
                                           Emily M. Steiner (admitted *pro hac vice*)
                                           emily.m.steiner@dlapiper.com
                                           6225 Smith Avenue
                                           Baltimore, MD 21209
                                           Telephone: (410) 580-3000
                                           Facsimile: (410) 580-3001

                                           *Counsel for Defendant and Counter-Plaintiff*
                                           *Rolls-Royce Solutions America Inc.*

## CERTIFICATE OF SERVICE

       Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(c), I hereby certify that on June 30, 2023, a true and correct copy of the foregoing document was served on all attorneys of record via the Court's electronic filing system.

                                           /s/ Brandon A. Fuqua
                                           Brandon A. Fuqua